SOUTH GEORGIA MERCANTILE CO. v. TOMS ET AL.

[66 South. 980.]

1. BUILDING AND LOAN ASSOCIATIONS. *Rights of. Interest. Statutes.*
Laws 1912, chapter 167, section 4, which authorizes foreign build-
ing and loan associations, which lend on real estate for not less
than two years, to be repaid, both principal and interest, in
monthly installments, to do business in the state, and section 9
which provides that all associations, foreign and domestic, may
contract for loans at not over ten per cent. interest, payable
in equal monthly installments for the average duration of the
loans, not to be less than two years, simply means that the bor-
rower must not be called upon to pay monthly installment in
such amounts as will liquidate the debt in less than two years,
and building and loan associations, not being prohibited, may
impose conditions, a breach of which will make the entire loan,
with interest, immediately due and payable, though the two years
have not expired.

2. BUILDING AND LOAN ASSOCIATIONS. *Statutes. Interest.*
Under Laws 1912, chapter 167, authorizing building and loan asso-
ciations to charge ten per cent. on loans for not less than two
years, a building and loan association may make a loan not only
reserving ten per cent. interest, but containing a provision that if
the monthly payments were not made, the entire loan should be-
come immediately due and payable, and in such case the associa-
tion can collect the full rate of interest, though the borrower's
breach caused the loan to mature in less than two years.

APPEAL from the chancery court of Hinds county.

HON. P. Z. JONES, Chancellor.

Bill by South Georgia Mercantile Company, against G.
V. Toms and others. From a judgment dismissing the
bill, complainant appeals.

By an act of the legislature of 1912 (approved Feb-
ruary 24, 1912) the contract rate of interest in Mississippi
was reduced from ten per cent. per annum to eight per

cent. per annum. Chapter 229, Laws of 1912. The same
legislature enacted chapter 167 (approved March 16,
1912) regulating building and loan associations, and per-
mitted such associations to charge a rate of interest not
to exceed ten per cent. per annum on loans when made
for a period of not less than two years to be repaid in
equal monthly installments. This later act is under re-
view.

Butler, Esterling & Potter, for appellant.

Nearly every objection raised to the loan contract in
question in this case has already been settled in this state
in the *Halsell case* v. *Merchants Union Insurance Com-
pany*, 62 So. 233 and 62 So. 645.

Among the questions already settled in the *Halsell case,
supra,* is the one on which the appellee lays the most
stress. Counsel for appellee insist that within the mean-
ing of chapter 167, Laws of 191, that the appellant is not
a building and loan association because it is not chartered
and organized for the sole purpose of loaning money on
real estate on monthly payment plans but is engaged not
only in this business, but in other business.

That was contended in the original trial of the *Halsell
case, supra,* and the court held in the first opinion ren-
dered in that case that such was the law, but after a more
careful consideration of the case, on a suggestion of er-
ror, the court in its last opinion decided that any one
loaning money on the plan provided by the statute was
within its terms, and that it was the class of business
that made the classification.

It is also earnestly insisted that the provision in the
contract provides that upon the nonpayment of three
months' dues, that the entire contract shall become at
once due and payable, with interest at the rate of ten per
cent annum; and is unlawful; in defense of their position
on this question, counsel for appellant say, "the law will

be searched in vain to find any authority given to allow any corporation or association engaged in this business to enforce its contract before the expiration of at least two years. Those who engage in the business must assume the burdens provided by the statute as well as its benefits. If they engage in the business, they cannot make a contract for less than two years, and when they have made this contract, no matter what the borrower does, they must look at their security to make them whole and cannot undertake an enforcement before the expiration of the time which the law requires the contract to be made for, it *lex scripta.*"

Thus, counsel takes the position that when a loan is made on this basis that the lender can have no recourse, and may not enforce the rights that are given him by the statute.

It is true that the statute provides that the contract shall be made for not less than two years, but it also provides that the loan shall be paid in equal monthly installments, and by necessary implication, the lender has a right to enforce this feature of the contract. We think it much sounder reasoning to say that the law having given the lender the right to collect his money in equal installments, he has a right to provide adequate means in his contract for the enforcement of rights that are given him, than to say as the counsel for appellee, that when the lender enters into the contract, that he must accept it with the burdens, meaning thereby the default of the borrower to keep up his part of the contract. The law contemplates that when men enter into solemn obligations, that those obligations will be kept, and this contract only provides for its termination when one party to it fails to keep his part of the agreement. The law that provides that the contract shall not be for less than two years, also provides that the lender shall collect in equal monthly installments, and one part of this law is as binding and obligatory as the other part.

We insist that it was the intention of the law to protect and to preserve in its integrity the system of loaning money on the monthly installment plan, and that it would be impossible for a business of this nature to be run without provisions to mature the debt when the monthly installments are not paid. Such clauses are found in every *bona fide* building and loan contract that was ever written, and it was the intention of the legislature that this business should be continued. Without the right to place a clause of the nature under consideration in their contracts, every building and loan in the state would be compelled to go out of business. No principle of law is better settled than that in constructing statutes with reference to any particular business that the known customs of that business are to be taken into consideration; and certainly in a business of this kind the legislature was cognizant of the fact that every building and loan contract whether written by building and loan associations or incorporated companies contain a clause that where the debtor fails to keep his part of the contract, the debt shall become due.

We earnestly contend that the clause in question is violative of neither the letter nor the spirit of the statute in question.

We insist that this case should be reversed, and the law in question be given that effect intended by the legislature.

*Mayes & Mayes,* for appellee.

This is a test suit instituted by the building and loan association to try out their right under the Law of 1912 as the character of contract they can make under the law.

Practically every question raised in this case was settled in *Halsell* v. *Merchants Insurance Company,* 62 So. 645. The question not settled in that case, as we understand it, is as to whether or not, under section 4, chapter 167, Laws of 1912, requiring building and loan associations to loan money on real estate for a period of not less than two years, to be repaid, principal and interest, in equal installments as a condition precedent to

their right to charge the interest rate provided for in the act, can provide in their contract that in case the borrower defaults in payment of the installments, the contract can be matured and the principal and interest collected in less time than two years. In other words, can the borrower accept the contract and by defaulting on the contract, take advantage of his own wrong and hold the association to its contract while repudiating his? This is about what it amounts to, and it is the most striking way to place the contention. The associations say that the borrower cannot, and we contend that under this particular and special law the borrower can.

In this case there is no contest on either side as to the right of the association to collect its principal, no matter how this court may decide this case. The bill tenders the principal and does not deny the right of the association to collect it when the contract matures. We freely admit that the only question involved arises under the sixth ground of demurrer as to the right to mature the debt before the two-year period, and also the right to collect interest only. That part of the seventh ground of demurrer seeking a dismissal of the bill on the ground that complainant is not entitled to sue for the interest and principal, is not insisted upon so far as to deal with the principal, because that is tendered with the bill and is out of the case. The right to collect the interest is the only right challenged by the sixth ground of demurrer.

We confess that the Halsell case settled the second ground and third ground of demurrer. The Halsell case held that associations, organized as this is, could stipulate for and receive a rate of interest in excess of that allowed by the general law, for the reason that the right to do this was given because of the character of business which these associations were engaged in, to wit: the lending of money on real estate for a period of not less than two years, to be repaid, principal and interest, in monthly installments.

We also confess that the Halsell case settled the third ground of demurrer when it held that chapter 167 of the Laws of 1912, authorizing building and loan associations, as defined by the act, to charge more than the rate of interest under the general law, was not violative of paragraph D, section 90 of the Constitution.

We also concede that the court held in the Halsell case that the fourteenth amendment of the Federal Constitution was not involved. That point was made in the Halsell case and the court decided that it did not violate the fourteenth amendment.

In this argument we are trying to eliminate those grounds of demurrer which we concede are closed out under the decision in the Halsell case, so that the court's attention may be directed to those things which we really rely upon to sustain the demurrer.

We concede also that the Halsell case settled the fifth ground of demurrer, that is, that it makes no difference that the South Georgia Mercantile Company is not engaged in the sole business of lending money on real estate on the monthly payment plan, if they qualify as a building and loan association under the act, and we admit that the appellant company has so qualified. It is so charged in the bill, admitted by the demurrer and further admitted as a fact.

We confess that it does not make any difference how many kinds of business an association may be engaged in, the test being simply, has it also qualified under the act, as a building and loan association, and is it making the character of loan which the law says will constitute them a building and loan association and authorize the collection of higher rate of interest.

As stated before, we have not detailed the various questions which the court put to us because counsel for appellant has done so, and our purpose is to get before the court as succinctly as possible, the real question involved.

In our original brief it was our contention that the statute did not give any authority to allow building and loan associations to enforce contracts, for any cause, before the expiration of at least two years. It was our contention that those engaged in the business must assume the burdens provided by the statute, as well as take its benefits; and that when they made their contract, they must make it for two years, and no matter how flagrant may be the violation of the borrower of this contract, the building and loan association's hands are tied so far as the enforcing of their contract is concerned in less than two years.

We concede that every question involved in this demurrer is settled in the Halsell case except as to whether this contract can be enforced for any cause in less than two years, and we further concede that the principal of this debt is not involved in this litigation in any way, as appellants tendered, and still tendered same back.

Smith, C. J., delivered the opinion of the court.

Appellant filed its bill in the court below alleging that it was a building and loan association incorporated under the laws of the state of Georgia, and had been admitted to do business in the state of Mississippi under the provisions of chapter 167, Laws of 1912; that on the 15th day of September, 1913, it loaned to appellees the sum of five hundred dollars, payable, principal and interest, in sixty monthly installments, secured by a deed of trust upon certain land situated in the city of Jackson. This indebtedness due from appellees to appellant was evidenced by a bond in which it was—

"stipulated and agreed that the nonpayment of three installments of principal and interest after the same shall fall due, shall authorize the company to proceed to enforce the payment of the loan, together with the interest due thereon, and amounts for taxes, insurance or other charges advanced by it for the benefit of the property conveyed to secure this obligation, the amount due to be

ascertained as follows: The principal debt, with interest thereon at the rate of ten per cent. per annum, and allowing credit for all payments of installments of principal and interest upon the loan, with interest thereon at the rate of ten per cent. per annum from date of payment to said company, computed in accordance with the laws of the state of Mississippi.''

In the deed of trust it was provided that:

''In event of default of the payments of installments of principal or interest for the space of three months . . . the entire debt will become due and payable at the option of the company or its assigns.''

And the trustee, upon request, should proceed to sell the land, and apply the proceeds thereof to the payment of the indebtedness thereby secured. The bill further alleged that this condition of the bond and of the deed of trust had been broken; and, after setting forth facts showing why it is necessary for appellant to resort to this proceeding in order to obtain a foreclosure of the deed of trust, prays that the land be sold and the proceeds thereof applied to the payment of the indebtedness thereby secured. The amount claimed to be due is the principal, together with interest computed according to the stipulation in the bond hereinbefore set out.

A demurrer to this bill was sustained and the bill dismissed. This demurrer contains numerous grounds, all of which have been here expressly abandoned by counsel for appellant, except the sixth and seventh, and these alone have been taken into consideration by us in reaching our conclusion in this matter. The sixth ground is as follows:

''Because complainant is only authorized by the law to sue for monthly installments past due, and the act of 1912, upon which the loan contract is based, does not provide that upon the nonpayment of any one or more installments the loan shall mature, and the enforcement of the payment of the loan at this time would nullify the two years' period provided by the act.''

Sections 4 and 9 of chapter 167 of the Laws of 1912, under which it is claimed that this bill cannot be maintained, are as follows:

"Sec. 4. Foreign building and loan associations and savings associations whose business is to loan money on real estate for a period of not less than two years, to be repaid, principal and interest, in equal monthly installments, may be admitted to do business in this state upon compliance with the conditions of this act."

"Sec. 9. All associations, whether foreign or domestic, now organized, or that may hereafter be organized, shall be permitted to contract for loans to its members, or to applicants or borrowers who are not members in this state at a rate of interest not to exceed ten per cent. per annum, payable in equal monthly installments for the average time or duration of such loans, but to not be of less duration than two years."

It will be observed that section 9 expressly permits building and loan associations to require payment of money loaned by them in equal monthly installments. It therefore necessarily follows that the further provision of the section that such loans shall "not be of less duration than two years" cannot mean that the borrower must be permitted to retain the entire amount borrowed for two years. It simply means that the borrower must not be called upon to pay monthly installments in such amounts as will liquidate the debt in less than two years; but it does not follow from this that, if the borrower declines to comply with his obligations to pay these monthly installments, the company is not thereby released from its obligation not to require him to repay all of the principal within two years from the making of the loan. If the legislature had so intended, nothing would have been easier than to have expressly so provided; and in the absence of such a provision the statute should not be construed so as to impose such a hardship upon the company.

108 Miss. 35

Section 4 of the act presents no question of difficulty here for the reason that this loan was made for a period of more than two years, and neither the bonds by which it was evidenced, nor the deed of trust securing it, contain any provision under which the entire debt could be collected in a less period, provided the borrower also complies with his obligations arising therefrom.

The contention of counsel for appellees is that:

"No matter what the borrower does they (referring to building and loan associations) must look to their security to make them whole, and cannot undertake an enforcement before the expiration of the time which the law requires the contract to be made for."

It is true that these associations are given no express authority by the statute to collect the entire amount loaned a borrower until the expiration of two years from the time the loan was made; but, on the other hand, it is also true that the statute does not expressly prohibit them from so doing when the borrower fails to comply with his obligation relative thereto and to so construe the statute would place these associations at the mercy of unscrupulous borrowers and probably render it impossible for them to carry out the purposes of their organization, which the legislature meant to aid and encourage by enacting the statute.

The seventh ground of this demurrer is as follows:

"Complainant is not entitled to sue for the amount of interest and principal set forth in its complaint, as is provided under the stipulations and agreement set forth in the fifth paragraph in the answer (? bill) for the reason that such stipulation and agreement is not authorized by the building and loan association act, and the lender would be collecting straight interest at a rate greater than is authorized by the general law."

Counsel, both for appellant and appellees in their briefs, say that under the allegations of the bill, other than those hereinbefore set out, there is no controversy

between appellant and appellees in so far as the collection by appellant of the principal of the debt is concerned, and that the real controversy between them arises only out of appellees' refusal to pay any interest on this principal.

We will assume that this is true, and that therefore the question now under consideration can be presented by demurrer. As hereinbefore pointed out, this loan was made in strict accordance with the provision of the statute by which building and loan association are expressly permitted to charge a rate of interest not to exceed ten per cent. per annum; the grant of this right being the concession made by the legislature to these companies in order to induce them to do business in this state. The statute does not expressly provide that this rate of interest shall not be collected unless the loan in fact continues for more than two years. All that it requires is that the borrower shall not be called upon to repay all of it within two years from the time it was made, provided, as hereinbefore pointed out, that he complies with his own obligations relative thereto.

To permit appellees to obtain a reduction in the rate of interest merely by refusing to carry out their obligation to make these monthly payments, thereby making it necessary for appellant to proceed to collect the whole of its debt, would be to permit them to take advantage of their own wrong, and this the statute nowhere contemplates; for by it, as hereinbefore pointed out, the legislature simply intended to secure to the borrower the right to repay the loan in equal monthly installments extending over a period of at least two years, provided he complies with his own obligations in the matter. The claim for the interest here propounded is not inconsistent with the statute, and therefore must be sustained.

*Reversed and remanded.*